[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant action is brought by the current owner and holder of a ninety day Discount Note, in the original principal amount of $10,300.00, against the defendants, Maureen Morrill and John Flammia. The note became due and payable on August 27, 1990 but no part of the sum has been paid.
On October 8, 1997, a default judgment entered against defendant Flammia and plaintiff now seeks a judgment, after trial, against the remaining defendant, Morrill.
At the time of the execution of the note, May 29, 1990, both defendants were partners in Stonefield Developers, a general partnership doing business in Connecticut.
Pursuant to the terms of the note, the borrowers "jointly and severally" promised to repay the note, to pay "all costs of collection . . . incurred by the holder, including reasonable attorney's fees, plus costs" and "pay a Delinquency Charge equal to 14% per annum of the unpaid portion of the face amount" of the CT Page 6118 note from its maturity date.
Seeking to avoid responsibility for repayment Ms. Morrill contends that the loan was made to Stonefield Developers Partnership and that she signed same in a representative capacity, as a partner of Stonefield and consequently, is not personally liable. Further, she claims that, although a partner, she is insulated from liability for this partnership debt because plaintiff failed to first obtain, or contemporaneously take, a judgment against Stonefield. Hyman v. Jasper, 23 Conn.L.Rptr. No 5, 174 (Dec. 21, 1998). She also claims that the intent of the original parties to the loan was that she would not be personally liable.
As to her first contention, and as set forth by plaintiff in its brief, in order to avoid personal liability, Maureen Morrill's signature, as it appears on the note, must unambiguously reflect that she signed as a representative of the partnership and this she failed to accomplish. See Connecticut General Statutes § 42a-3-402.
An examination of the note reveals that the name "Stonefield Developers" appears twice on its face. Once, hand printed in ink in a box reserved for bank use labeled "Name" and once hand printed in ink, to the right of the last printed provision of the note, concerned with waiver of notice regarding prejudgment remedies.
Below the last printed paragraph of the note and the name "Stonefield Developers" are the signature lines. The name Maureen Morrill is hand printed in ink on the first line and directly below it on the second the word "By:" is hand printed in ink. Immediately to the right of the word By:, Ms. Morrill signed her name in ink. Consequently, the signature lines read as follows: "Stonefield Developers" "Maureen Morrill By: Maureen Morrill".
Certainly not a signature reflecting a representative capacity, and the court so finds. As a result, defendant Morrill is personally liable under the terms of the note, for its repayment and the court will neither consider nor credit her claim that the parties did not intend that she be personally responsible.
The Court finds the following amounts due and enters judgment against the defendant, Maureen Morrill, for same as follows: CT Page 6119
Principal $ 10,000.00
14% interest pursuant to the note $3.84 per diem x 2,847 days (July 26, 1991 through May 14, 1999) $ 10,932.48
Reasonable Attorney's Fee $ 1,500.00
12% interest on the above amounts pursuant to § 42-192a of the General Statutes, for the period August 20, 1996 to May 14, 1999 $ 7,301.31
Total Judgment $ 29,733.79
The sum of $7,301.31 was added to the sum awarded the plaintiff for the following reason: On March 7, 1997, plaintiff made and filed an Offer of Judgment in the amount of $10,000.00 which the defendant failed to accept. Inasmuch as the plaintiff has recovered, in the instant action, a sum greater than $10,000.00, and inasmuch as the plaintiff's offer was made within eighteen months from the filing of its complaint, the Court, pursuant to § 42-192a(b) of the General Statutes, adds the sum of $7,301.31 to defendant's judgment debt. This additional sum represents interest at the rate of 12% per annum on $22,432.48, (the amount awarded defendant for principal, 14% interest on same and a reasonable attorney's fee) for the period of August 20, 1996, (Date Complaint was filed) to May 14, 1999, (date of judgment).
Judgment will enter accordingly.
Thomas G. West, Judge